# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DAVID ARAMBULA,

      Plaintiff,

v.                                                  No. 18cv151 WJ/SCY

WALGREENS DRUG STORES and
NANCY MARQUEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
## DISMISSING THE COMPLAINT WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed February 14, 2018 ("Application") and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 14, 2018 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is

frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income is $2,133.00 in disability; and (ii) Plaintiff's monthly expenses total $2,184.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly expenses exceed his monthly income.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff alleges that Defendants discriminated against Plaintiff because of his age, sex, and

disability, and that Defendants retaliated against Plaintiff. *See* Complaint at 3. Plaintiff was employed by Defendant Walgreens Drug Stores. Defendant Nancy Marquez was a Walgreens Store manager. Defendant Marquez "constantly reminded [Plaintiff] about [his] age and . . . would ask when [Plaintiff] was going to retire." Complaint at 2. Plaintiff "knew [Defendant Marquez] wanted a younger female as her [assistant store manager]." Complaint at 3. Defendant Marquez constantly took "the office type work away from [Plaintiff] and [gave] it to the females" and gave Plaintiff more "grunt work." Complaint at 3. Plaintiff was informed that he would not be promoted to Store Manager if he was not "pharmacy certified" and that he would need to be pharmacy certified to keep his position." Complaint at 5. Plaintiff alleges that he was diagnosed with a disability with which his doctor advised him it would not be in his best interest to be around sick people. Plaintiff also alleges that Defendants were aware of his disability. Plaintiff alleges that after he spoke with the District Manager about Defendant Marquez' treatment of Plaintiff, Defendant Marquez assigned Plaintiff more "grunt work as a way of retaliation." Complaint at 3.

The Court will dismiss Plaintiff's age discrimination claim without prejudice for failure to state a claim because Plaintiff has not alleged that he was replaced by a younger person. *See Hinds v. Sprint/United Management Co.*, 523 F.3d 1187, 1195 (10th Cir. 2008) (for the Court to allow a claim to proceed, a plaintiff must allege sufficient evidence, which for an age discrimination claim consists of showing that plaintiff: (i) was within a protected age group, (ii) was doing satisfactory work, (iii) was discharged despite the adequacy of his or her work, and (iv) has some evidence that the employer intended to discriminate against him, such as showing that the employer discharged the plaintiff but retained a younger employee who held a similar

position).

The Court will dismiss Plaintiff's sex discrimination claim without prejudice for failure to state a claim because Plaintiff has not alleged that he was qualified for the position and has not sufficiently alleged that he suffered an adverse employment action. *See Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) (for the Court to allow a claim to proceed, a plaintiff must allege sufficient evidence, which for an sex discrimination claim consists of showing that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position at issue; and (4) he was treated less favorably than others not in the protected class). Although Plaintiff alleges he had office work taken away from him and he was assigned grunt work, "a mere inconvenience or an alteration of job responsibilities [are] not an adverse employment action." *Piercy v. Maketa,* 480 F.3d at 1192 ("Adverse employment action includes significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits").

The Court will dismiss Plaintiff's disability discrimination claims without prejudice for failure to state a claim because he does not allege that he was terminated because of his disability or that he requested accommodation regarding his pharmacy certification. *See E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037-1038 (10th Cir. 2011) (for the Court to allow a claim to proceed, a plaintiff must allege sufficient evidence, which for an disability discrimination claim consists of showing that plaintiff: (1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employ because of that

4

disability); *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d at 1049 (before an employer's duty to provide

reasonable accommodations—or even to participate in the interactive process—is triggered under

the ADA, the employee must make an adequate request, thereby putting the employer on notice,

i.e. the employee must make clear to the employer that the employee wants assistance for his

disability).

Finally, the Court will dismiss Plaintiff's retaliation claim without prejudice for failure to

state a claim because he has not alleged that he engaged in protected opposition to discrimination.

*See Hinds v. Sprint/United Management Co.*, 523 F.3d at 1202 (for the Court to allow a claim to

proceed, a plaintiff must allege sufficient evidence, which for a retaliation claim consists of

showing that: (1) he engaged in protected opposition to **age** discrimination, (2) a reasonable

employee would have considered the challenged employment action materially adverse, and (3) a

causal connection existed between the protected activity and the materially adverse action); *Dick*

*v. Phone Directories Co.*, 397 F.3d 1256, 1267 (10th Cir. 2005) (for the Court to allow a claim to

proceed, a plaintiff must allege sufficient evidence, which for a retaliation claim consists of

showing that: (1) he engaged in protected opposition to **sex** discrimination, (2) employer took an

adverse employment action against him, and (3) a causal connection between the protected activity

and the adverse action); *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d at 1051 (for the Court to allow a

claim to proceed, a plaintiff must allege sufficient evidence, which for a retaliation claim consists

of showing that plaintiff: (1) that he engaged in protected opposition to **disability** discrimination,

(2) that a reasonable employee would have found the challenged action materially adverse, and (3)

that a causal connection existed between the protected activity and the materially adverse action).

"Protected opposition can range from filing formal charges to voicing informal complaints to

superiors." *Hertz v. Luzenac America, Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004). Plaintiff alleges that Defendant Marquez retaliated against him after Plaintiff discussed his "issues" with the District Manager and after Plaintiff discussed scheduling employees with the District Manager. *See* Complaint at 2-3. Plaintiff does not identify his "issues" or indicate that his discussions with the District Manager constituted complaints regarding unlawful discriminatory practices.

Having dismissed all of Plaintiff's claims without prejudice for failure to state a claim, the Court will dismiss Plaintiff's Complaint without prejudice. Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim over which the Court has jurisdiction, and which includes the address of every defendant named in the amended complaint.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs,

Doc. 3, filed February 14, 2018, is **GRANTED.**

(ii) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February

14, 2018, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21

days of entry of this Order.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**